UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Jennifer Rousey, | ) | C/A No.: 0:02-3378-JFA |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER ACCEPTING REPORT |
| | ) | AND RECOMMENDATION AND |
| Haddon House Food Products, Inc., | ) | DENYING SUMMARY JUDGMENT |
| | ) | |
| Defendant. | ) | |
| _____) | | |

This matter is before the court for review of the magistrate judge's report and recommendation made in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g) (D.S.C.).

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

1

*Wallace v. Housing Auth. of the City of Columbia,* 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

Plaintiff Jennifer Rousey's complaint asserts claims for sexual harassment, sex discrimination, retaliation, and breach of contract.

Defendant filed a motion for summary judgment on November 15, 2004. Plaintiff filed a memorandum in opposition on December 2, 2004, and defendant filed a reply on December 10, 2004. Plaintiff filed a motion for sanctions on November 15, 2004. Defendant filed a memorandum in opposition on November 30, 2004 and plaintiff filed a reply on December 7, 2004. The magistrate judge filed a detailed and comprehensive report and recommendation on July 22, 2005, recommending that defendant's motion for summary judgment be denied and that plaintiff's motion for sanctions be denied in part and granted in part. Defendant filed an objection memorandum on August 19, 2005, which has carefully been considered by the court. Likewise, plaintiff filed an objection memorandum on August 18, 2005, which has carefully been considered by the court.

In light of the standard set out above, the court has reviewed, *de novo,* the record, the law, the report and recommendation of the magistrate judge, together with the objections thereto. The court is of the opinion that further oral argument would not aid in the decisional process and that the recommendation of the magistrate judge to allow the plaintiff's claims to go forward to trial should not be disturbed.

Viewing the facts, evidence and inferences in the light most favorable to the plaintiff as it must, the court is constrained to find that there exist genuine issues of material fact

under Fed.R.Civ.P. 56, such that the court cannot grant defendant judgment as a matter of law.

The defendant also objects to the magistrate judge's recommendation that the court provide a spoliation instruction as a sanction for the defendant's conduct in failing to preserve evidence in this case. The court has reviewed the record, the memoranda, the magistrate judge's report and recommendation, the objections and the case law and agrees with the magistrate judge's recommendation.

For the foregoing reasons, the July 22, 2005 report and recommendation of the magistrate judge is incorporated herein by reference and adopted as the order of this court. The defendant's objections are overruled, and the claim for summary judgment is denied. The trial of the plaintiff's claims shall occur during the November/December 2005 term of court. The parties will be seasonably notified of the date and time of the roster meeting.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*
United States District Judge

September 15, 2005
Columbia, South Carolina